## GUNNAR WILLIAMSON AND ANOTHER v. RICHARD CAIN AND OTHERS.

245 N. W. 2d 242.

August 13, 1976—No. 46224.

*Warren Spannaus*, Attorney General, *Richard G. Mark*, Assist-

ant Solicitor General, and *Christopher R. Kelley*, Special Assistant Attorney General, for appellants.

*Friedman & Friedman* and *Newton S. Friedman*, for respondent plaintiffs.

Heard before Kelly, Yetka, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

Richard Cain and Rene Riendeau (hereafter defendants), who are state employees, appeal from a judgment holding them liable in damages for injury to plaintiffs' property.[1] We affirm.

This action arose out of a state government program to dismantle and remove abandoned houses on Minnesota's Iron Range. Defendants were employees of the Iron Range Resources and Rehabilitation Commission, the state agency which, through a special division, conducted the removal program. Plaintiffs are landowners on the Iron Range.

On May 7, 1974, defendants undertook the removal of a house owned by Harry and Freda Peters in the city of Two Harbors, Minnesota. The Peters' house was located adjacent to a house owned and occupied by plaintiffs. When defendants attempted to dismantle the chimney of the Peters' house, bricks were thrown against the roof and side of plaintiffs' house, causing damage. When defendants were using a caterpillar tractor, they intruded onto plaintiffs' property causing further damage in the form of tractor marks and a cracked basement wall. Finally, when the defendants attempted to pull a portion of the Peters' house down with the tractor, the house fell against plaintiffs' house, causing still further damage.

A jury found defendants negligent and awarded damages against them in the amount of $9,000, and the court ordered

---

[1] Defendants' employer, the Iron Range Resources Commission, was granted dismissal on the ground of sovereign immunity. None of the issues raised on this appeal involve the other defendant, Allstate Insurance Company.

judgment accordingly. The following issues are presented on appeal:

(1)   Were the defendants, as state employees acting in good faith, entitled to immunity from suit?

(2)   Were the defendants, acting in their official capacity as state employees, properly held to the same standard as independent contractors working for the state and doing the same work?

Defendants correctly state the general rule that "[p]ublic officials and employees are not held personally liable for acts done honestly in the exercise of the *discretion which the law gives them.*" (Italics supplied.) Johnson v. County of Steele, 240 Minn. 154, 164, 60 N. W. 2d 32, 39 (1953). Their conduct in the instant case, however, falls under two specific limitations of that general rule. First, their actions in demolishing a building were ministerial, not discretionary in nature. In Cook v. Trovatten, 200 Minn. 221, 224, 274 N. W. 165, 167 (1937), this court approved the definition of ministerial duty found in People v. May, 251 Ill. 54, 57, 95 N. E. 999, 1000 (1911):

"* * * Official duty is ministerial when it is absolute, certain and imperative, involving merely the execution of a specific duty arising from fixed and designated facts."

While the discretionary-ministerial distinction is a nebulous and difficult one because almost any act involves some measure of freedom of choice as well as some measure of perfunctory execution, the acts of the defendants here are clearly ministerial. Their job was simple and definite—to remove a house. While they undoubtedly had to make certain decisions in doing that job, the nature, quality, and complexity of their decision-making process does not entitle them to immunity from suit.[2]

Second, defendants acted beyond their scope of authority in intruding onto plaintiffs' land and damaging plaintiffs' house.

---

[2] See, Prosser, Torts (4 ed.) § 132; State v. Lindquist, 171 Minn. 334, 214 N. W. 260 (1927).

When defendants negligently entered on plaintiffs' land and caused damage there, they exceeded any discretionary authority given the Iron Range Resources and Rehabilitation Commission. See, Nelson v. Babcock, 188 Minn. 584, 248 N. W. 49 (1933).

Defendants also argue that they should not have been held to the standard of independent contractors doing the same work for the state. Given the ministerial nature of their acts and the fact that those acts were beyond their authority, there is no reason why they should not be held to the same standard as others engaged in building removal.[3]

Affirmed.

---

[3] We note that the instant case arose before the effective date of Nieting v. Blondell, 306 Minn. 122, 235 N. W. 2d 597 (1975), and we intimate no view as to the effect of that decision on any of the issues raised.