Henry AESOPH, Respondent,

v.

Sonora GOLDEN, Appellant.

No. C0–84–1920.

Court of Appeals of Minnesota.

May 14, 1985.

Paula G. Maccabee, Minneapolis, for appellant.

John W. Riches, Benson, for respondent.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This is an appeal from a judgment determining that in September 1978 the respondent loaned the appellant $15,000, that the appellant signed a valid promissory note for the loan, and that the respondent did not make a gift of the money to the appellant. The trial court awarded the respondent $15,000 plus interest, costs, disbursements and attorneys fees. We affirm.

## FACTS

In May 1978 Sonora Golden and Henry Aesoph met and began dating. Henry was a former cattle rancher and a business

man, and Sonora was an unemployed widow. Approximately three months later Sonora's mother died, and when Sonora became anxious about the family finances, Henry offered to help her, and gave her a cashier's check for $15,000. The parties dispute whether this constituted a gift or a loan. Henry claims that it was intended as a loan, and that when he gave Sonora the check he told her she would have to sign a promissory note for the money with the same interest rate he had to pay the bank. Sonora claims that Henry offered the money as a gift, and that no mention was made of a note when she received the check.

Approximately two weeks later, Sonora signed a promissory note for the $15,000. She claims that she typed and signed the note at Henry's request, but that it was to be used only as documentation for a revenue service audit. She claims Henry promised that the note would not obligate her and that he would return the note to her after the audit. She also claims that she typed exactly what Henry wanted, without contesting any of the provisions.

Henry, on the other hand, claims that the note was signed because the $15,000 was always intended as a loan. He claims that several days after he gave Sonora the check he presented her with a promissory note completed on a standard form. He claims that Sonora refused to sign at first because she contested the interest rate specified in the note, but that when he later presented her with evidence of his bank's interest rate she signed the note.

When the note came due one year later, it was not paid. Henry claims that he took the note from its place of safekeeping, prepared a renewal note, and attempted to obtain Sonora's signature on the renewal note. He claims that she kept putting him off, that the renewal note was never signed, and that both notes subsequently disappeared from his home.

Sonora claims that Henry never asked her to renew the note and never demanded repayment until this suit was filed. Rather, she claims that in November 1980 Hen-

ry returned to her the original note, which she destroyed in his presence.

Henry sued, and trial commenced on May 17, 1984. Because Sonora was in the hospital, the trial was continued and was completed on June 21, 1984. The trial court concluded that Henry did not make a gift of the $15,000 to Sonora and that Sonora had given Henry a valid promissory note. The court explained in a brief memorandum that he believed Henry's testimony that Sonora had disputed the amount of interest specified in the note. The court reasoned that Sonora would not have argued about interest if the parties had truly intended the transaction to be a gift. The court indicated further that Sonora did not prove that Henry had later made her a gift of the note.

Sonora after moving for a new trial, appealed.

### ISSUES

1. Did the trial court err in determining that the $15,000 was a loan, rather than a gift?

2. Was there consideration for the promissory note signed by Sonora?

3. Did the trial court err by concluding that Henry had met his burden of demonstrating that the promissory note was lost or stolen?

4. Does the evidence in the record sustain the trial court's award of attorney's fees?

5. Did the failure to continue the trial when Sonora could not be present due to illness deprive her of a fair trial and constitute an abuse of the trial court's discretion?

### ANALYSIS

#### I.

■ An appellate court's review is limited to determining whether the trial court's findings are clearly erroneous, with due regard being given to the trial court's opportunity to judge the credibility of the witnesses. *Hubbs v. Leach*, 355 N.W.2d 470, 427 (Minn.Ct.App.1984). The outcome of this case rested almost entirely upon the court's decision as to which party was more credible. The only testimony presented was that of the parties themselves and of Sonora's daughter. Where the only evidence consists of the parties' conflicting testimony, a trial court's findings should not be disturbed except under "the most unusual circumstances." *Berry v. Goetz*, 348 N.W.2d 376 (Minn.Ct.App.1984), *quoting Fidelity Bank and Trust Co. v. Fitzimons*, 261 N.W.2d 586 (Minn.1977).

■ There is ample evidence in the record to support the trial court's decision. Henry testified clearly and at great length concerning the circumstances surrounding the loan. Aside from her claim that her story was the truth, Sonora cites no reason to dispute the trial court's conclusion that Henry's testimony was more credible.

#### II.

■ Sonora argues that because she received the $15,000 as a gift, any subsequent promise to pay back the money is unenforceable, due to lack of consideration. However, as noted above, the trial court specifically found that the $15,000 was not a gift, but was intended as a loan. Since the promissory note did not constitute a gratuitous promise, but was simply evidence of the parties' agreement that the $15,000 was a loan, it is clearly enforceable. *See Greer v. Kooiker*, 312 Minn. 499, 507, 253 N.W.2d 133, 140 (1977) ("parties may assent to a contract one of the terms of which is that a later, more formal evidence of it may be executed").

#### III.

Sonora basically argues that Henry did not prove that the note was lost or stolen, and that her testimony—that he gave it to her to destroy—was more believable. Again, this issue goes to the credibility of the witnesses, and again this court must defer to the trial court's judgment.

Sonora also points to the following findings:

1. That on or about August 24, 1978, [Sonora] received $15,000.00 by way of a certified check from [Henry] as remitter and drawn on the First Federal Savings and Loan Association of Watertown, South Dakota.

2. That within fourteen days thereafter [Sonora] executed a Promissory Note to [Henry] for said $15,000.00 to be due in one year with interest at the rate of 8½% per annum.

3. That thereafter said note was lost, destroyed or stolen without consent or permission of [Henry] and [Henry] thereafter attempted to have [Sonora] sign a second note that [Sonora] refused to sign.

(Emphasis supplied.) Sonora argues that the underscored word "thereafter" in Finding No. 3 means after "said note was lost, destroyed or stolen," which is unsupported by Henry's testimony.

Henry testified that he last saw the note in 1981 and that it disappeared some time after that. He also testified that he tried to get Sonora's signature on the renewal note *prior* to 1981. Both the original note and the renewal note disappeared at the same time. Therefore, if the trial court were indeed stating in Finding No. 3 that Henry attempted to obtain Sonora's signature on a second note after the first note was destroyed, the finding would not be supported by the record.

■ However, after examining the findings and the record, it is our conclusion that the term "thereafter" in Finding No. 3 refers to the time after the period referred to in Finding No. 2; therefore the court's finding is supported by the record. Where findings of fact are ambiguous or doubtful, they should be "construed in the light of the entire record, including the evidence, to ascertain the intention of the trial court." *Stevens v. Minneapolis Fire Department Relief Association*, 219 Minn. 276, 282, 17 N.W.2d 642, 646 (1945).

**IV.**

■ Although the original promissory note signed by Sonora was lost, at trial Henry's attorney introduced a blank promissory note, which Henry testified was identical to that signed by Sonora except for the number of copies attached. As the trial court specifically found, the note provided for payment of reasonable attorney's fees upon non-payment at maturity. The court also found that the original promissory note was lost, destroyed or stolen. As such, it was justified in relying upon Henry's testimony regarding the secondary evidence. Minn.R.Evid. 1004(1); 11 P. Thompson, *Minnesota Practice: Evidence* § 1004.01 (1979).

Sonora also objects to the amount of attorney's fees awarded, claiming that the court's award of $5,950.50 in this instance was not reasonable.

■ Findings concerning the reasonable value of legal services will not be reversed on appeal unless they are clearly erroneous. *City of Minnetonka v. Carlson*, 298 N.W.2d 763, 766 (Minn.1980). A court's award may be based "either upon its observation of the services performed or proof of their value." *Ryan v. Bigos Properties*, 351 N.W.2d 680, 681 (Minn.Ct.App. 1984). Factors which a trial court must consider when determining an attorneys fees issue are explained in *Carlson*, 298 N.W.2d at 766–767. We believe that under the circumstances of this case the trial court, upon considering these factors, could have properly determined that $5,950.50 was a reasonable award for attorney's fees. Henry's counsel submitted an affidavit which indicated that he had spent 82.3 hours of billable time on this matter, that Henry had agreed to pay $75.00 per hour, and that Sonora's counsel had already paid $222.00 as attorney's fees. Henry's counsel also submitted time sheets which itemized the work performed and totalled the amounts due. In addition, the court had the opportunity to observe Henry's counsel during trial, to question him during the post-trial motion, and to go through the court file to determine what documents and procedures had been necessitated by this action.

## V.

Although Sonora was absent from the courtroom on the first day of trial due to illness, Sonora's counsel did not object when Henry's case was presented to the court. The first time the issue of Sonora's absence from the courtroom was raised was after Henry had completed his case. At that point Sonora's counsel requested the submission of her deposition in lieu of her testimony, and when his request was denied he moved for a continuance. His motion was granted.

Sonora did not object to the submission of Henry's case in her absence until this appeal was filed. Issues not raised below cannot be considered for the first time on appeal. *Wilson v. Spilman*, 352 N.W.2d 520, 522 (Minn.Ct.App.1984).

### DECISION

The record supports the trial court's decision that Henry loaned Sonora $15,000.00, that she signed an enforceable promissory note, and that Henry met his burden of proving that the note had been lost, stolen or destroyed. The trial court also properly allowed into evidence a replica of the original note and awarded attorney's fees to Henry based upon language contained therein.

Affirmed.