Donald C. ROBINSON, Plaintiff,

v.

Loren HOLLATZ, Defendant and Third Party Plaintiff, Appellant,

v.

COUNTY OF DAKOTA, Third Party Defendant, Respondent.

No. C1–85–432.

Court of Appeals of Minnesota.

Sept. 17, 1985.

Robert M. Mahoney, St. Paul, for appellant.

James M. Goetteman, St. Paul, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant Loren Hollatz appeals from summary judgment in favor of respondent Dakota County. The trial court found Dakota County immune from civil liability for injuries sustained as a result of snow piled in a median. We reverse.

## FACTS

Hollatz was involved in an accident in the City of Rosemount as he made a left turn on County Road 42 at its intersection with another road. His vision of approaching traffic on 42 was impaired by snow piled approximately eight or nine feet in the median which separates the eastbound and westbound traffic. When Hollatz inched his automobile to see whether there was any oncoming traffic, he was struck by a car driven by Donald Robinson.

Robinson commenced suit against Hollatz for personal injuries sustained during the accident. Hollatz brought a third-party action against Dakota County seeking indemnification for its negligence in plowing and placement of the snow in the median. Prior to trial, Robinson settled with Hollatz for $35,000.00.

County Road 42 had been plowed by the County Highway Department pursuant to predetermined routes and procedures. In fact, the accident site was covered by three different snow removal routes. During plowing, the snow, whenever possible, would be moved away from the median toward the outer edges of the highway. This was done to improve driver visibility and to avoid run-off onto the road from melting snow. Sometimes, however, there would not be enough room at the outer edges and snow would end up being piled in the median section.

Dakota County moved for summary judgment claiming the snow removal from intersections was a discretionary act and the county was therefore immune from civil liability. See Minn.Stat. § 466.03, subd. 6 (1984). The trial court agreed and also concluded the county was protected from

liability under Minn.Stat. § 466.03, subd. 4 (1984).

## ISSUES

1. Is Dakota County immune from civil liability pursuant to Minn.Stat. § 466.03, subd. 6 (1984) which grants immunity for discretionary acts?

2. Is Dakota County immune from civil liability pursuant to Minn.Stat. § 466.03, subd. 4 (1984) which grants immunity for snow and ice conditions on county highways?

## I

If the County of Dakota was immune from tort liability, it would be entitled to judgment as a matter of law and summary judgment would be proper. *Ostendorf v. Kenyon,* 347 N.W.2d 834, 836 (Minn.Ct. App.1984).

Minn.Stat. § 466.02 (1984) creates liability for every municipality "for its torts and those of its officers, employees and agents acting within the scope of their employment or duties * * *." *Id.* An exception to tort liability is granted for:

> [a]ny claim based upon the performance or the failure to exercise or perform a *discretionary* function or duty, whether or not the discretion is abused.

Minn.Stat. § 466.03, subd. 6 (1984) (emphasis added).

■ Dakota County asserts that the decision to plow snow into the medians and the removal of same is a discretionary act immune from tort liability. Because it is an exception to the general rule of governmental liability, discretionary immunity must be narrowly construed. *Larson v. Independent School District No. 314,* 289 N.W.2d 112, 121 (Minn.1979).

In determining whether discretionary immunity attaches, the supreme court adopted the planning-operational distinction as a guide. *See id.* at 120.

A discretionary act is one which requires a balancing of complex and competing factors at the planning, rather than the operational, stage of development. *Ostendorf,* 347 N.W.2d at 837.

On the other hand, a ministerial act is one which is "absolute, certain, and imperative, involving merely execution of a specific duty arising from fixed and designated facts." *Cook v. Trovatten,* 200 Minn. 221, 224, 274 N.W. 165, 167 (1937).

In *Ostendorf,* this court held the state's placement of warning signs on the highways was not a discretionary act; discretion was only exercised in how to originally place warning signs. *Ostendorf,* 347 N.W.2d at 838.

In *Silver v. City of Minneapolis,* 284 Minn. 266, 170 N.W.2d 206 (1969), the supreme court concluded the city's choice of how to deploy police and firefighting resources in the face of rumored impending riots fell within the discretionary function. On the other hand, in *Marlow v. City of Columbia Heights,* 284 N.W.2d 389 (Minn. 1979), the supreme court held a claim for injuries sustained when a water skier cut his foot in a lakebed near a public landing was not barred by the discretionary act exception. The city's failure to safely maintain the landing was an " 'operational' failure following the 'planning' decision to operate and maintain the public landing." *Id.* at 392.

Finally, in *Williamson v. Cain,* 310 Minn. 59, 245 N.W.2d 242 (1976), the supreme court refused to grant discretionary immunity to state employees tearing down a house pursuant to a state program to dismantle abandoned houses. In holding the acts of the state employees were ministerial, the court stated:

> Their job was simple and definite—to remove a house. While they undoubtedly had to make certain decisions in doing that job, the nature, quality, and complexity of their decision-making process does not entitle them to immunity from suit.

*Id.* at 61, 245 N.W.2d at 244.

■ In the present case, the decision as to whether a road should be plowed or

whether the plows should be deployed on any given day falls within the discretionary function because it is made at the planning level. The job of plowing itself, however, is an operational function because it is simple and definite. While it may involve certain decisions, the decision to plow the snow to the outer edges of County Road 42 or into the median is ministerial. Whether or not the snow is actually kept away from the median is the result of the decision making process of each driver at the operational level.

## II

■ Dakota County argues it is also protected from liability by Minn.Stat. § 466.03, subd. 4 (1984), which provides an exemption from tort liability for:

> [a]ny claim based on snow or ice conditions on any highway or other public place, *except when the condition is affirmatively caused by the negligent acts of the municipality.*

*Id.* (emphasis added). The statute grants immunity to a county or municipality for injuries resulting from the usual and natural accumulation of snow and ice on the streets.

■ Here, there was an artificial accumulation of snow in the median due to an "affirmative" act on the part of Dakota County. A municipality should have a duty to remove dangerous obstructions or conditions which it affirmatively created.

■ Negligence on the part of Dakota County must still be proved. The trier of fact, in determining whether the County was negligent, must take into consideration a myriad of factors presented by Minnesota winters, including the climate, weather conditions, number and availability of county personnel and other circumstances surrounding the accumulation of snow in the median. But these are factual determinations and summary judgment was therefore not proper. *See* Minn.R.Civ.P. 56.03.

### DECISION

Dakota County is not immune from civil liability by virtue of Minn.Stat. § 466.03,

subds. 4 and 6 (1984). This matter is accordingly remanded for trial on the merits.

Reversed and remanded for trial.