Harvey BERG, as trustee for the heirs of Cheryl Berg, deceased, Appellant,

v.

CITY OF ST. PAUL, Respondent.

No. C7-87-1234.

Court of Appeals of Minnesota.

Oct. 20, 1987.

Raebern B. Hitchcock, St. Paul, Alf E. Sivertson, St. Paul, for appellant.

Edward P. Starr, City Atty., Frank E. Villaume, III, Asst. City Atty., St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and RANDALL and STONE,* JJ.

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

POPOVICH, Chief Judge.

This appeal is from a summary judgment holding respondent city immune from liability based on ice or snow accumulation or failure to perform a discretionary duty. Appellant claims the trial court erred because (1) there were genuine issues of material fact, (2) the City of St. Paul is not entitled to discretionary act immunity because the city's inaction was not a discretionary nature, and (3) appellant's cause of action was improperly limited to a claim based merely on failure to sand or salt the roadway.

## FACTS

Appellant's daughter, Cheryl Berg, was killed in a two-car accident on January 28, 1984 at approximately 8:40 a.m. on Shepard Road near Drake Street in St. Paul. Cheryl Berg was travelling westbound on Shepard Road when a second car operated by Patrick Ashton travelling eastbound crossed over the centerline and struck Cheryl Berg head-on, killing her instantly. Appellant settled with Ashton and the owner of the car pursuant to a *Pierringer* release.

Shepard Road is approximately 6½ miles long and runs generally along the Mississippi River's northern bank. The roadway was constructed in intervals beginning in 1953. The accident occurred west of Randolph Avenue near Drake Street on a portion completed in 1967. Ashton claimed a phantom car to his right caused him to move toward the centerline where he hit slush and was pulled into the oncoming lane of traffic.

National Weather Service records indicated it began snowing lightly after 9:00 p.m. on January 27, 1984 and continued until 9:00 a.m. on January 28, 1984. The total accumulation of snow was 1.5 inches. The city decided not to plow Shepard Road the night and morning prior to the accident. The St. Paul Police Department's report of the accident described the road conditions at the scene of the accident as wet and slushy, with several inches of wet snow covering the center portion of the roadway.

A city public works employee allegedly sanded and salted Shepard Road not more than eight hours before the accident, but the street maintenance engineer chose not to order snowplowing on January 28, 1984, after considering a number of competing factors, including cost, manpower and the amount of snow.

Appellant commenced this action only against the City of St. Paul on January 23, 1985, alleging the accident was caused by the negligent design of Shepard Road. Respondent sought the factual basis for this claim and appellant acknowledged there was no evidence relating to negligent design or construction. Appellant amended his complaint alleging only negligent maintenance of Shepard Road, by way of example lack of salting and sanding, and deleted any reference to a lack of safety dividers between the lanes. As a result, the city dismissed with prejudice its third party action against the State of Minnesota and County of Ramsey.

Appellant hired an expert witness who conducted an extensive study of the accident and Shepard Road. Based upon the expert witness' findings, appellant concluded a lack of concrete dividers in the accident area created a cause of action based upon a failure to carry out operational maintenance duties.

The city moved for summary judgment on February 4, 1987. On March 6, 1987, appellant served his memorandum in opposition to the motion, together with an affidavit of a retired St. Paul police officer.

The trial court granted the city's motion for summary judgment, holding the city was immune from liability from any claim based on snow or ice accumulation, and from any claim based upon the performance or failure to perform a discretionary duty. This appeal was taken from the judgment entered April 27, 1987.

## ISSUES

1. Did the trial court err in granting summary judgment?

2. Is the City of St. Paul entitled to discretionary act immunity for failure to install safety dividers?

3. Is the City of St. Paul entitled to immunity for ice and snow conditions?

4. Did the trial court err in limiting appellant's cause of action to negligent maintenance for failure to salt and sand?

## ANALYSIS

1. On appeal from a grant of summary judgment, this court determines: (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The facts are viewed in the light most favorable to the nonmoving party.

Appellant argues the trial court erred because the pleadings, depositions, written evidence and other sworn affidavits firmly establish genuine issues of fact. In order to grant summary judgment, the trial court must determine on the basis of all pleadings, depositions, answers to interrogatories, admissions, and affidavits on file, there is no genuine issue as to any material fact and which party, if any, is entitled to judgment as a matter of law. Minn.R. Civ.P. 56.03. The sole question before the court is whether an issue of established material fact exists. *Bennett v. Storz Broadcasting Co.*, 270 Minn. 525, 531, 134 N.W.2d 892, 897 (1965).

2. Municipalities are immune from liability for claims "based upon the performance or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused." Minn.Stat. § 466.03, subd. 6 (1986). Discretionary immunity is narrowly construed. *Johnson v. County of Nicollet*, 387 N.W.2d 209, 211 (Minn.Ct.App.1986). The test whether an act is discretionary or ministerial is whether an act is a planning decision or merely operational. *Ostendorf v. Kenyon*, 347 N.W.2d 834, 837 (Minn.Ct.App. 1984); *see Cook v. Trovatten*, 200 Minn. 221, 224, 274 N.W. 165, 167 (1937).

A duty to warn arises only if the municipality has actual knowledge of alleged roadway defects or dangerous conditions. *Larson v. Township of New Haven, Olmsted County*, 282 Minn. 447, 454, 165 N.W.2d 543, 547 (1969). This rule is inapplicable if the municipality created the defect. *Id.* In *Johnson*, we stated the discretionary act exception does not apply in actions alleging a municipality failed to safely maintain roads. However, liability is limited to those cases where there has been notice, actual or constructive, of the defective conditions. *Johnson*, 387 N.W.2d at 211-12; *see Cracraft v. City of St. Louis Park*, 279 N.W.2d 801, 803 (Minn. 1979).

Appellant relies primarily upon *Ostendorf v. Kenyon*, 347 N.W.2d 834 (Minn.Ct. App.1984) and *Johnson*. In *Ostendorf*, this court held there was an issue of material fact as to whether the State was negligent in the maintenance of its highways and summary judgment was not appropriate. 347 N.W.2d at 838. Appellant in *Ostendorf* raised an issue of material fact by introducing evidence which showed Highway 14 had a history of accidents and the State failed in its duty to safely maintain the highway by not placing better or additional warning signs on the stretch of road. *Id.* Specifically, we found as part of the State's duty to maintain highways, the State must repair or warn drivers of dangerous situations. *Id.* at 837.

In *Johnson*, claimants were injured when their car plunged down an embankment. Johnson claimed the county was negligent in failing to place a guardrail along the road. The trial court granted summary judgment for the county and this court reversed, holding:

> [t]he county's * * * duties to maintain reasonably safe roads *may* encompass the duty to place guardrail along a road that is *known to be hazardous*.

*Johnson*, 387 N.W.2d at 212 (citations omitted; emphasis added). Liability is limited to situations where the municipality has notice of the defect.

*Seaton v. Scott County*, 404 N.W.2d 396 (Minn.Ct.App.1987), *pet. for rev. denied*

(Minn. June 25, 1987) (appellant introduced no evidence at trial there were any prior accidents nor did he introduce expert evidence).

In a recent decision reversing and remanding the trial court's grant of summary judgment, we held a material issue of fact was raised whether the State created a dangerous condition on a road when it abruptly narrowed the width of a highway shoulder, thereby giving rise to a duty to place appropriate warning signs. *Holmquist v. State*, 409 N.W.2d 243 (Minn.Ct. App.1987), *pet. for rev. granted* (Minn. Sept. 23, 1987). In *Larson*, the Minnesota Supreme Court recognized a duty to warn arises only if the municipality has actual knowledge or constructive notice of alleged roadway defects or dangerous conditions, but observed the general rule was inapplicable if the "defect * * * is one which [the municipality] created." 282 Minn. at 454, 165 N.W.2d at 547. Similarly, in *Nusbaum v. Blue Earth County*, 411 N.W.2d 917 (Minn.Ct.App.1987), we held there was a genuine issue of material fact whether the State created a dangerous road condition in placing speed limit signs, precluding discretionary immunity.

■ Appellant argues his expert witness affidavit presented evidence Shepard Road is dangerous and the city was negligent in failing to install concrete barriers. Appellant claims concrete barriers would have prevented the fatal accident and the city was on notice of the dangerous condition of the road.

The city argues nothing in the affidavit raises a question of fact as to the maintenance of Shepard Road, but merely sets forth the expert's comments on the road condition.

The trial court found nothing in the record created a material issue of fact precluding summary judgment. We agree. The caselaw which appellant relies upon is distinguishable. In the cases of *Ostendorf* and *Johnson*, and the recent decisions of *Holmquist* and *Nusbaum*, the appellant submitted evidence of specific factual issues precluding summary judgment. In those cases, either the municipality or state created the dangerous condition or were put on notice of the specific dangerous condition. Here, however, appellant failed to show the intersection of Drake Street and Shepard Road, the accident site, is a dangerous stretch of that road. Appellant did not produce accident reports but merely a general averment that Shepard Road as a whole is dangerous and argues because of this one accident, the accident site on Shepard Road is dangerous and concrete barriers should have been installed to reduce the danger. We disagree. *See Gonzales v. Hollins*, 386 N.W.2d 842, 845 (Minn.Ct. App.1986) (summary judgment proper when no evidence presented showing city had notice of prior accidents, therefore appellant failed to meet burden to show material fact issues for trial).

Because discretionary immunity, Minn. Stat. § 466.03, subd. 6 (1986), was raised as a defense, appellant's allegation of negligent maintenance is a legal, not a factual, question. *Gonzales*, 386 N.W.2d at 845; *see also Illinois Farmers Insurance Co. v. Tapemark Co.*, 273 N.W.2d 630, 633–34 (Minn.1978) (negligence, although normally a fact question, is susceptible to summary adjudication where the material fact issues are undisputed and as a matter of law compel only one conclusion). We find a lack of evidence specifically showing the accident site was a dangerous part of Shepard Road fatal to appellant's claim. The city was not on notice this section of Shepard Road was dangerous. Absent an affirmative act producing a dangerous condition, a decision whether to install barriers on Shepard Road under this fact pattern is a discretionary act.

■ 3. Minn.Stat. § 466.03, subd. 4 (1986) provides as an exception to tort liability:

[a]ny claim based on snow or ice conditions on any highway or public sidewalk that does not abut a publicly-owned building or publicly-owned parking lot, except when the condition is affirmatively caused by the negligent acts of the municipality.

*Id.* Respondent argues the city is immune from liability for ice and snow conditions on streets and highways. The city per-

formed no negligent acts to affirmatively cause the road condition; it existed as a natural weather condition. Furthermore, the city's decision not to plow falls within the discretionary function because it is made at the planning level. *Wesala v. City of Virginia,* 390 N.W.2d 285, 287 (Minn.Ct. App.1986), *pet. for rev. granted* (Minn. Aug. 20, 1986), *vacated* (Minn. Feb. 24, 1987); *Robinson v. Hollatz,* 374 N.W.2d 300, 302–03 (Minn.Ct.App.1985).

Respondent submitted evidence showing a public works employee sanded and salted Shepard Road within eight hours prior to the accident. Respondent argues this case is different from *Robinson* where the court found county plows pushed snow toward the median and piled it eight or nine feet high. The court found the snowbanks were an artificial accumulation due to an affirmative act on the part of the county in a breach of its duty to remove dangerous obstructions. *Robinson,* 374 N.W.2d at 303. Respondent asserts here there is no evidence to establish any negligent acts on the part of the city created a hazardous condition. We agree.

This case is a snow and ice case governed by Minn.Stat. § 466.03, subd. 4. Given the clear language of subdivision 4 and an absence of negligent acts by the city creating an artificial dangerous condition, we find the city immune from liability.

4. Appellant amended his complaint, eliminating any claim for negligent maintenance for failure to install concrete barriers. The trial court properly limited appellant's allegations to those set forth in the amended complaint.

### DECISION

The trial court properly granted summary judgment for the city based on discretionary immunity exception and accumulations of snow and ice on a city street exception pursuant to Minn.Stat. § 466.03, subd. 4.

Affirmed.