In the Matter of the Appointment of a Trustee for the HEIRS OF Mary Louise JONES, Decedent.

No. C8–87–1873.

Court of Appeals of Minnesota.

March 1, 1988.

Alan L. Mitchell, St. Louis Co. Atty., Barbara A. Russ, Asst. Co. Atty., Duluth, for petitioner St. Louis County.

Harry Sieben, Jr., David W.H. Jorstad, Seiben, Grose, Von Holtum, McCoy & Carey, Ltd., Minneapolis, for respondents David G. Jones and Nicholas Zuber as trustee.

Heard, considered and decided by RANDALL, P.J., and MULALLY * and FLEMING, JJ.

## OPINION

FLEMING, Judge.

Respondents David G. Jones, the husband of decedent Mary Louise Jones, and Nicholas Zuber, as trustee for her heirs, brought this negligence action against St. Louis County, alleging that improper maintenance of the intersection of a county road and railroad tracks caused the death of Mrs. Jones and her two children. St. Louis County moved for summary judgment on the ground of immunity, and this court granted discretionary review of the trial court's denial of that motion. We reverse.

## FACTS

On November 25, 1985, decedent Mary Louise Jones and her two children were killed when the pickup truck she was driving on St. Louis County Road 885 was struck by a freight train at a railroad crossing. From the 55 feet of skid marks identified at the scene, it appears that Mrs. Jones had realized that the train was approaching, but was unable to stop her truck from sliding onto the tracks.

According to respondents, the railroad crossing is at the bottom of a downward slope on which ice and snow accumulate during the winter months. Affidavits offered by the county indicate that the road had been plowed and sanded on November 22 and 23, and on November 25 the road surface was primarily covered with hard-packed snow, although some blacktop showed through and the center stripe could be seen.

Although the county's affidavits also allege that the sand used on the road contained 5% to 10% salt, in accordance with Minnesota Department of Transportation recommendations, respondents assert that the county had stopped salting the road in order to reduce expenses. The basis of their claim against the county is that this improper maintenance created a dangerous and slippery condition which caused the fatal accident.

In denying the county's motion for summary judgment, the trial court concluded that respondents' allegations of improper maintenance, if proved, would take the action outside the immunity statute.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## ISSUE

Is St. Louis County immune from liability for a claim of negligent failure to salt the county road on which the decedent was fatally injured?

## ANALYSIS

Although the Municipal Tort Liability Act, Minn.Stat. §§ 466.01–466.15, generally abolished sovereign immunity for political subdivisions of the state, Minn.Stat. § 466.03 provides a number of exceptions to the abolition of immunity. St. Louis County argues that it retains immunity from this claim under two of those exceptions.

▮▮▮ Minn.Stat. § 466.03, subd. 4 provides that municipalities, defined in Minn. Stat. § 466.01 to include counties, shall be immune from liability for

[a]ny claim based on snow or ice conditions on any highway * * * except when the condition is affirmatively caused by the negligent acts of the municipality.

Minn.Stat. § 466.03 (1984). Where an icy road is the result of natural weather conditions rather than the affirmative acts of the municipality, the municipality is immune from liability for accidents caused by the condition of the road. *See Berg v. City of St. Paul*, 414 N.W.2d 204, 207–08 (Minn. Ct.App.1987). On the other hand, where the injury-causing condition was created by the acts of the municipality, the exception granting immunity does not apply. *See Robinson v. Hollatz*, 374 N.W.2d 300, 303 (Minn.Ct.Ap.1985) (county not immune where accident was caused by impaired visibility resulting from an artificial accumulation of snow plowed onto center median).

Respondents attempt to fit this case into the "affirmative cause" exception to immunity by arguing that the county acted affirmatively to maintain the roadway by plowing and sanding it, yet negligently failed to salt it. They rely on the distinction Minnesota courts have historically drawn between dangerous conditions which occur naturally, and those which have artificial causes:

The rule is that the municipality is not liable for mere slipperiness resulting from the natural accumulation [on streets and sidewalks] of ice and snow, however dangerous * * * the situation thus created may be.

*Nichols v. Village of Buhl*, 152 Minn. 494, 496, 193 N.W. 28, 29 (1922).

If, however, a dangerous condition was artificially created, the municipality could be liable for failing to correct the condition whether or not the acts of the municipality affirmatively created it. *Id.* at 497, 193 N.W. at 29. Thus the municipality could be liable for failing to remove ice or snow if the use of the sidewalks and streets caused the formation "of slippery and dangerous ridges, depressions, and irregularities to such an extent as to render [them] dangerous and unsafe for use." *Id.; see also Roberts v. Village of Buhl*, 160 Minn. 398, 400, 200 N.W. 354, 355 (1924).

While those cases have not been overruled, their continued validity under the 1963 Municipal Tort Liability Act is doubtful. Under prior law, a municipality could be liable for failing to remove a known dangerous condition created by any artificial means. By contrast, Minn.Stat. § 466.03, subd. 4 requires that the condition have been affirmatively caused by the acts of the municipality. Moreover, cases since 1963 have applied the earlier rule only to icy sidewalks, implying that the statute did change the law with respect to streets used for vehicular traffic. *See Lockway v. Proulx*, 283 Minn. 30, 32–33, 166 N.W.2d 79, 80–81 (1969); *Bufkin v. City of Duluth*, 291 N.W.2d 225, 227 n. 1 (Minn.1980).

▮▮▮ In this case, the slippery road conditions were caused by traffic on the road which packed down natural snowfall. While the county may have been able to avert the condition by using salt, the county cannot be said to have *affirmatively caused* the slipperiness. The statute requires the condition to have been caused by an act, not an omission, of the county. Respondents' argument, that failure to maintain a road can be an affirmative cause of its bad condition, would essentially nullify that statutory language.

Minn.Stat. § 466.03, subd. 6 also provides for immunity from liability for [a]ny claim based upon the performance or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.

Minn.Stat. § 466.03, subd. 6 (1984). The supreme court has distinguished between "planning" and "operational" decisions in determining whether an action is discretionary. *Larson v. Independent School District No. 314,* 289 N.W.2d 112, 120 (Minn.1979). Decisions made at the planning and policy level are discretionary, while actions taken to implement predetermined policies or pre-existing specific duties are not. *See generally Robinson,* 374 N.W.2d at 302; *Johnson v. County of Nicollet,* 387 N.W.2d 209, 212 (Minn.App. 1986).

This court has characterized other snow removal decisions as discretionary. *See Berg,* 414 N.W.2d at 208 (decision to plow discretionary); *Wesala v. City of Virginia,* 390 N.W.2d 285, 287 (Minn.Ct.App.1986) *appeal dismissed,* 401 N.W.2d 73 (Minn. 1987) (determining priority of sanding discretionary); *Robinson,* 374 N.W.2d at 302–03 (plowing discretionary).

In this case, taking respondents' version of the facts, the county decided not to salt in order to reduce expenses. That decision involved a weighing of competing policy considerations—*e.g.,* cost versus effect—which is not appropriately reviewed by the courts. *See Wilson v. Ramacher,* 352 N.W.2d 389, 393 (Minn.1984) (discretionary immunity allows accomplishment of public services which could be chilled by second-guessing). In determining how best to maintain the roads, the county was presented with alternative possible actions to alleviate the icy condition: plowing, sanding, and/or salting. The choice among those alternatives is properly characterized as discretionary. *See Larson,* 289 N.W.2d at 121 (discretionary immunity applies where policy-making involves choosing among various alternatives).

### DECISION

Because the icy roadway was not affirmatively caused by the county's negligent acts, and the decision whether to salt was discretionary, the trial court's denial of the county's motion for summary judgment is reversed.

Reversed.