Richard Henry DUELLMAN, et al., Respondents,

and

State of Minnesota, plaintiff in intervention, Respondent,

v.

David John ERWIN, Appellant (C9–94–380), Respondent (C7–94–457),

Wabasha County Sheriff's Department, et al., Respondents,

The Palace Bar, Respondent,

Mark Harmon, Respondent (C9–94–380), Appellant (C7–94–457),

Ron Wagner, Respondent.

Nos. C9–94–380, C7–94–457.

Court of Appeals of Minnesota.

Oct. 11, 1994.

Review Denied Dec. 20, 1994.

James P. Carey, Minneapolis, for Richard Henry Duellman, et al.

Thomas A. Foster, Foster, Waldeck & Lind, Ltd., Minneapolis, for State of Minn.

James R. Carlson, Rochester, for David John Erwin.

Fredrick R. Alm, III, Blue Earth, for Wabasha County Sheriff's Dept.

Steven C. O'Tool, Minneapolis, for The Palace Bar.

Jodi L. Williamson, Rochester, for Mark Harmon.

Todd S. Lundquist, Mankato, for Ron Wagner.

Considered and decided by FORSBERG, P.J., and NORTON and SCHUMACHER, JJ.

## OPINION

FORSBERG, Judge.

Appellants Mark Harmon and John Erwin challenge the district court's grant of summary judgment to respondents Wabasha County Sheriff's Department (sheriff's department) and Deputy Nick Roussopoulos based on official immunity.

## FACTS

On May 26, 1991, at about 1:45 a.m., respondent Deputy Nick Roussopoulos of the sheriff's department was responding to a domestic call when he observed a pickup truck in the ditch. As he approached, he noticed an individual run from the pickup into the nearby woods. Roussopoulos called his dispatcher to report the situation and was told to continue to the domestic call. Later, it

was learned that appellant Mark Harmon had driven the truck, owned by Ron Wagner, into the ditch.

Trooper Richard Duellman of the Minnesota State Patrol was dispatched to the truck. He parked his vehicle in a driveway near the pickup truck and called a tow truck to remove the pickup. He put up no flares or markers because he believed the pickup did not pose a danger to traffic on the highway. He saw a person walk into the woods near the scene but did not investigate. He directed the driver of a car near the scene to leave, which she did.

In the meantime, Roussopoulos left the domestic call and returned to his regular patrol. He then heard Duellman over the radio request a tow truck, and Roussopoulos decided to return to the scene. Duellman had not asked for assistance and Roussopoulos's dispatcher did not tell him to go back to the pickup. Roussopoulos testified by deposition that he believed this was not an emergency. When he arrived, he parked on the west shoulder facing north toward southbound traffic with his headlights on.

Duellman told Roussopoulos that he was waiting for the tow truck. Roussopoulos and Duellman stood talking for about ten minutes when appellant David Erwin approached the pair in his car driving south. Seeing Roussopoulos's headlights and thinking Roussopoulos's car was oncoming, Erwin apparently veered to the right, went off the road and struck Duellman, who sustained severe injuries.

The Duellmans sued David Erwin, Nick Roussopoulos, the sheriff's department, Mark Harmon, Ron Wagner, and the Palace Bar (where Erwin had been drinking that night) for negligence. Roussopoulos and the sheriff's department asserted official immunity. Harmon and Erwin settled the Duellmans' claims against them, but reserved their cross-claims against the sheriff's department and Roussopoulos. Roussopoulos and the sheriff's department moved for summary judgment, which the district court granted based on official immunity.

## ISSUE

Did the district court err by according respondents Wabasha County Sheriff's Department and Deputy Nick Roussopoulos official immunity?

## ANALYSIS

Upon review of a grant of summary judgment, this court's function is to determine: (1) whether genuine issues of material fact exist, and (2) whether the district court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). The reviewing court does not need to defer to the district court's legal conclusions. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Util. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

■ Official immunity is immunity from suit and the question may be properly resolved on summary judgment. *See Elwood v. County of Rice*, 423 N.W.2d 671, 679 (Minn.1988). Common law provides that

a public official charged by law with duties which call for the exercise of his judgment or discretion is not personally liable to an individual for damages unless he is guilty of a willful or malicious wrong.

*Susla v. State*, 311 Minn. 166, 175, 247 N.W.2d 907, 912 (1976).

■ Official immunity involves discretion exercised on an "operational rather than a policymaking level, and it requires something more than the performance of 'ministerial' duties." *Pletan v. Gaines*, 494 N.W.2d 38, 40 (Minn.1992). An act is ministerial when it is "absolute, certain and imperative, involving merely the execution of a specific duty arising from fixed and designated facts." *Williamson v. Cain*, 310 Minn. 59, 61, 245 N.W.2d 242, 244 (1976) (quoting *People v. May*, 251 Ill. 54, 95 N.E. 999, 1000 (1911)). The "nature, quality and complexity" of the decision-making process must be examined. *Id.* Whether an officer's conduct merits immunity turns on each case's facts. *Reuter v. City of New Hope*, 449 N.W.2d 745, 751 (Minn.App.1990), *pet. for rev. denied* (Min. Feb. 28, 1990).

■ Minnesota courts have held that police officers charged with the duty to prevent

crime and enforce laws are not purely "ministerial officers," and that many of their duties have an "executive character involving the exercise of discretion." *Elwood*, 423 N.W.2d at 678 (quoting *Cook v. Trovatten*, 200 Minn. 221, 224, 274 N.W. 165, 167 (1937)). To encourage responsible law enforcement, police are "afforded a wide degree of discretion precisely because a more stringent standard could inhibit action." *Id.*

The district court concluded that Roussopoulos's actions—while perhaps dangerous and unwise—were discretionary and shielded by the official immunity doctrine. Appellants argue that the district court erred by granting the sheriff's department and Roussopoulos official immunity. We agree with appellants and reverse the district court's grant of official immunity to Roussopoulos and the sheriff's department.

■ Appellants claim that because the abandoned pickup truck did not create an "emergency situation," official immunity is unwarranted. An emergency situation, however, is not a necessary condition for official immunity. *See Greiner v. City of Champlin*, 816 F.Supp. 528, 546 (D.Minn.1993) (emergency situation is not necessary); *Rico v. State*, 472 N.W.2d 100 (Minn.1991) (termination of employee). While an emergency need not exist, circumstances that require police discretion must. *See State v. City of Mounds View*, 518 N.W.2d 567, 570 (Minn. 1994) (police investigatory stop of armed robbery suspect); *Johnson v. Morris*, 453 N.W.2d 31, 42 (Minn.1990) (police response to driver who refused to pull over); *Elwood*, 423 N.W.2d at 674 (police response to possibly armed man threatening his former wife).

■ The sheriff's department argues that in returning to the scene, Roussopoulos was planning to (1) assist a fellow officer; (2) help to handle a situation "ripe with potential danger;" (3) assist in site management and public safety; and (4) aid in the possible search for individuals from the pickup. This description exaggerates the importance of Roussopoulos's actual conduct. The record does not indicate the situation was "ripe with potential danger," as one officer could easily manage traffic, and a search was apparently never undertaken. Yet, it is plain that the decision to return to the accident was not ministerial since it involved weighing some factors, albeit not in an emergency situation. Hence, Roussopoulos's decision to return to the scene was discretionary.

But, in contrast, how and where Roussopoulos decided to park his car was a ministerial decision. Roussopoulos decided to park on the west shoulder, facing the oncoming traffic to, as he said, (1) protect the towing area from other traffic; (2) provide sufficient room for the tow truck driver; (3) possibly use the left-side mounted spotlight; and (4) release the police dog. The district court concluded that these reasons reflected "independent judgment and discretion."

The degree of discretion involved in Roussopoulos's decision, however, does not rise to the level that justifies according official immunity. Roussopoulos concedes that there was no urgency in returning to the scene, and therefore his decision where to park did not require him to weigh a multitude of factors or exercise judgment under trying circumstances. *See City of Mounds View*, 518 N.W.2d at 570; *Pletan*, 494 N.W.2d at 41. Moreover, there was no need to protect the area from traffic before the tow truck arrived because there was no immediate traffic hazard. The facts also indicate that the accident scene did not present a potentially dangerous situation. Under these circumstances, Roussopoulos's decision to park in the manner in which he did was ministerial. *See Larson v. Independent Sch. Dist. No. 314*, 289 N.W.2d 112, 121 (Minn.1979) (decision whether to teach gymnastics is policy level decision, but actual teaching is ministerial); *Williamson*, 310 Minn. at 61, 245 N.W.2d at 244 (state's decision to demolish building was policy level decision, but employees' implementation was ministerial). Accordingly, the "nature, quality and complexity" of Roussopoulos's actions in parking his car preclude granting either him or the sheriff's department official immunity. *See id.*

■ Appellants also argue that Roussopoulos's conduct was "willful or malicious" and therefore the district court erred by according him official immunity. *See Susla*,

311 Minn. at 175, 247 N.W.2d at 912 (official immunity not warranted if public official's conduct is "willful or malicious wrong"). The district court in its memorandum, however, states that appellants "agree" that Roussopoulos's conduct was not "maliciously or willfully wrong." Moreover, appellants' memorandum in opposition to respondents' summary judgment motion did not raise the malicious and willful exception. Consequently, the issue is not properly before this court. *See Aesoph v. Golden,* 367 N.W.2d 639, 643 (Minn.App.1985) (issues not raised below cannot be considered for the first time on appeal).

## DECISION

The district court erred by according the sheriff's department and Roussopoulos official immunity.

**Reversed and remanded.**

SCHUMACHER, Judge (dissenting).

I respectfully dissent. A police officer who has not committed a willful or malicious wrong is entitled to official immunity for actions that involve the exercise of judgment or discretion. *Pletan v. Gaines,* 494 N.W.2d 38, 40 (Minn.1992). As the majority concedes, Roussopoulos' decision to assist Duellman involved a weighing of factors and is protected by official immunity. It is this decision that entitles Roussopoulos to immunity, regardless of how and where he ultimately parked his car. *See id.* at 41 n. 2 (issue was whether pursuit should have been undertaken or abandoned, not how pursuit of suspect should have been conducted).

Furthermore, even if the issue was how and where the car was parked, Roussopoulos was exercising his judgment on this score. *Cf. Abo El Ela v. State,* 468 N.W.2d 580, 582 (Minn.App.1991) (state trooper employed professional judgment in deciding how to pull over traffic violator). Roussopoulos parked where he did for reasons of safety and so that he and his police dog could assist in a potential search for the individuals who had run from the abandoned pickup truck. While there may be room for disagreement over what Roussopoulos did, the fact that Duellman was injured does not justify substituting an after-the-fact evaluation of the situation for the decisions made by the officer at the scene. *Pletan,* 494 N.W.2d at 41. Second-guessing law enforcement officials in this fashion impinges on the ability of conscientious officers to perform their jobs as the community expects and demands, and defeats the purpose of official immunity. *Id.* I would affirm the district court's grant of summary judgment.