In re RENO AIR CRASH OF JANUARY 21, 1985, Robin R. Ness and Rebecca E. Ness, co-trustees for the heirs of David A. Ehlers and Barbara A. Ehlers, decedents, Appellants,

v.

GALAXY AIRLINES, INC., Respondent,

Desert Palace, et al., Defendants,

Plaintiffs' Liability Committee, Respondent.

No. C1–86–327.

Court of Appeals of Minnesota.

Aug. 5, 1986.

Review Denied Sept. 24, 1986.

Robert G. Share, Briggs & Morgan, Minneapolis, for appellants.

Elizabeth Hoene, Doherty, Rumble & Butler, St. Paul, for Galaxy Airlines, Inc.

James R. Schwebel, Peter H. Berge, Schwebel, Goetz, Sieben and Hanson, P.A., Minneapolis, for Plaintiffs' Liability Committee.

Heard, considered and decided by POPO-VICH, C.J., and WOZNIAK and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellants co-trustees in a wrongful death action settled their claim with defendants. Subsequently, appellants were ordered to comply with a pre-trial order requiring 5% of settlement to be placed in respondent Plaintiffs' Liability Committee's escrow account for later payment of respondent's fees and expenses. Appellants challenge that order claiming the trial court (1) lacked jurisdiction to make the post-settlement order and (2) abused its discretion in issuing the pre-trial order. We affirm.

## FACTS

David A. and Barbara A. Ehlers were killed as passengers in the Nevada Galaxy Airlines crash in January 1985. Appellants Robin R. and Rebecca E. Ness were subsequently appointed co-trustees for bringing a wrongful death action. Appellants' suit and those brought by trustees of the other Galaxy disaster victims were consolidated for discovery purposes on May 7, 1985.

On July 15, 1985, the first trial court issued Practice and Procedure Order No. 1 forming the Plaintiffs' Liability Committee (PLC) to perform all liability discovery on behalf of all plaintiffs. That order stated regarding payment of the PLC's fee:

7. It is the Court's opinion that a final determination of the appropriate fee to be awarded should not be made until termination of the proceedings before this Court. In the interim, the following procedures will be followed:

a. An Order of judgment or termination of individual actions shall become final and binding on the parties thereto only upon approval by this Court, which shall be granted only upon a showing that the plaintiff has agreed to the deposit of an amount not to exceed five percent (5%) of the total amount paid to said plaintiff at interest by the defendants, to be deducted from the plaintiffs' attorneys fees. The fund created, including interest, thereby shall be the source from which the Plaintiffs' Committee will be compensated at a later date.

On December 31, 1985, appellants and defendants in the underlying litigation stipulated to a dismissal without prejudice. A second trial court, on January 9, 1986, issued an order stating:

IT IS HEREBY ORDERED, that said co-trustees are hereby discharged, together with the surety on their bond; and that no further accounting of any kind or nature be required herein.

A letter from Galaxy Airlines' counsel to PLC liaison counsel dated January 27, 1986 stated claims arising from the Ehlers' alleged wrongful deaths were settled. That settlement was approved by a trial court in a different Minnesota county.

In February 1986, respondents moved for an order requiring appellant "to deposit appropriate attorneys' fees and expenses in accordance with the Practice and Procedure Order of July 15, 1986 [sic]." By order filed February 11, 1986, the first trial court granted respondents' motion.

This appeal is made from the February 11 order. Appellants also petitioned for a writ of prohibition (C2–86–708). This court on May 19, 1986 denied appellants' petition, stating appeal from the order provided an adequate legal remedy. A second order issued on May 19 denied respondents' motion to dismiss this appeal as taken from a nonappealable order.

## ISSUES

1. Did the trial court retain jurisdiction after dismissal of suit to enforce Practice and Procedure Order No. 1?

2. Did the trial court abuse its discretion by issuing Practice and Procedure Order No. 1?

## ANALYSIS

■ 1. Appellants claim voluntary dismissal of their action did not require judicial approval and was effective immediately. They argue at that point Hennepin County district court lost jurisdiction and cannot now enforce Practice and Procedure Order No. 1.

Respondents argue the first trial court properly disregarded appellants' attempted dismissal of the action because the case was controlled by the terms of Practice and Procedure Order No. 1, which requires:

An Order of * * * termination of individual actions shall become final and binding on the parties thereto *only upon approval by this Court,* which shall be granted only upon a showing that the plaintiff has agreed to the deposit of an amount not to exceed five percent (5%) of the total amount paid to said plaintiff at interest by the defendants, to be deducted from the plaintiffs' attorneys fees.

(Emphasis added). The record indicates dismissal of the action was by stipulation only. The second trial court approved only the trustees' dismissal.

While appellants obviously had the discretion to dismiss their complaint, such dismissal to be final should have required payment of 5% of settlement to the PLC's escrow account. Agreement to pay was not made; trial court approval was not obtained. The trial court did not lose jurisdiction to enforce Practice and Procedure Order No. 1 because dismissal of the action was not properly conditioned on agreement to escrow 5% of settlement.

2. While avoidance of payment to the PLC under Practice and Procedure Order No. 1 was not established as the sole consideration in moving litigation and settlement to another district court, it is a result wholly claimed by appellants. To permit such result would serve to defeat the PLC's function. Liability committees are designed to expedite litigation and foster settlement. Willingness to participate in these committees will be endangered if plaintiffs can benefit from committee efforts without compensating for benefit received.

While appellants claim compensation may be recovered in a quantum meruit action, that procedure also frustrates the PLC's function. Participation will be deterred if compensation can be recovered only by separate lawsuits. Proper compensation is made here by escrow of estimated monies until final accounting for services can be made and just compensation ordered.

3. Appellants claim the trial court abused its discretion by issuing Practice and Procedure Order No. 1 because dismissal without prejudice should not have been conditioned on payment of 5% of settlement to the PLC escrow account. Appellants assert "5%" is an arbitrary figure and application of the condition here "wrongfully deprives parties from acting in their best interests."

■ Respondents argue challenge of Practice and Procedure Order No. 1 is untimely and appeal should have been made from that order. But as an interlocutory order establishing, but not enforcing, procedure, Practice and Procedure Order No. 1 was not appealable. It is now reviewable as affecting the February 11 order enforcing compliance.

■ Appellants' claims are, however, without merit. Appellants have not demonstrated "5%" is an arbitrary figure. Respondents present authority stating such percentage contribution is typical. *See* Rheingold, *The Development of Litigation Committees,* 6 Am.J. Trial Advocacy 1, 10 (1982). Regarding appellants' policy argument, their best interests should be served, but not to the detriment of other plaintiffs or the PLC. Here, the pre-trial order did not become effective until 30 days after its issuance. Appellants could have dismissed during that time, before substantial benefit was conferred by the PLC. The trial court did not abuse its discretion by requiring

termination, or dismissal without prejudice, to be final only upon agreement to escrow 5% of settlement ultimately received.

### DECISION

The trial court retained jurisdiction to enforce Practice and Procedure Order No. 1 requiring escrow of 5% of settlement toward payment of the Liability Committee's fee. The trial court did not abuse its discretion in creating that requirement.

Affirmed.