**In re RENO AIR CRASH OF
JANUARY 21, 1985:**

**Carolyn A. CHURCH, Trustee for the
Heirs and Next of Kin of Salvatore
L. Fragale, Appellant (C1–87–1794),**

**Catherine R. Aune, Trustee for the
Heirs and Next of Kin of Gordon
G. Aune, Appellant (C1–87–2024),**

**Robin R. Ness and Rebecca E. Ness, co-
trustees for the Heirs and Next of Kin
of David A. Ehlers and Barbara A. Ehl-
ers, Appellants (C0–87–2077),**

v.

**PLAINTIFFS' LIABILITY COMMIT-
TEE, Galaxy Airlines, Inc., et al.,
Respondents.**

**Nos. C1–87–1794, C1–87–2024
and C0–87–2077.**

Court of Appeals of Minnesota.

April 19, 1988.

Review Denied June 10, 1988.

Robert C. Bell, Peterson, Bell, Converse & Jensen, St. Paul, for Carolyn A. Church, Trustee for the Heirs and Next of Kin of Salvatore L. Fragale.

Robert W. Johnson, St. Paul, for Catherine R. Aune, Trustee for the Heirs and Next of Kin of Gordon G. Aune.

Stephen F. Rufer, Rufer & Hefte, Fergus Falls, for Robin R. Ness and Rebecca E. Ness, co-trustees for the Heirs and Next of Kin of David A. Ehlers and Barbara A. Ehlers.

Eric J. Magnuson, Rider, Bennett, Egan & Arundel, Minneapolis, for Plaintiffs' Liability Committee.

Boyd H. Ratchye, James R. Crassweller, Doherty, Rumble & Butler, St. Paul, for Galaxy Airlines, Inc., et al.

Heard, considered and decided by PARKER, P.J., and NORTON and MULALLY,* JJ.

## OPINION

NORTON, Judge.

This appeal arises from the awarding of attorney fees to the Plaintiffs' Liability Committee (PLC) for services performed by the committee for a group of wrongful death actions arising from the January 21, 1985 Galaxy Airlines (Galaxy) crash in Reno, Nevada. Appellants Carolyn A. Church, Catherine R. Aune and Robin R. and Rebecca E. Ness are trustees of their respective decedents for purposes of bringing wrongful death actions. The trial court awarded 4% of the total settlements payable from attorney fees as compensation to the PLC for the fulfillment of their duties and responsibilities in all Hennepin County District Court cases arising out of the airline crash. We affirm.

---

* Acting as judge of the Court of Appeals by ap-

## FACTS

On January 21, 1985 a Galaxy flight en route from Reno, Nevada to Minneapolis crashed immediately after takeoff. Only one passenger survived. Trustees for the heirs of approximately 24 of the crash victims filed suit in the Hennepin County District Court. Appellants' suits and those brought in Hennepin County by trustees of other crash victims were consolidated for discovery purposes on May 7, 1985.

By Practice and Procedure Order No. 1 dated July 15, 1985, the trial court established the Plaintiffs' Liability Committee. The committee was ordered to assume responsibility for all pretrial proceedings relating to the liability of Galaxy and the other defendants in those cases which were pending in the Hennepin County District Court. The committee was also authorized to conduct all liability discovery including depositions, requests for production of documents and requests for admissions, interrogatories, document inspections, the preparation of motions, and liability fact stipulations. Each plaintiff action which was terminated by settlement later than 30 days after the date of this Order was obligated for a proportionate share of the expenses of the PLC.

The determination of the appropriate fee to be awarded the members of PLC was deferred until termination of the litigation proceedings before the district court. As part of the Practice and Procedure Order, the trial court ordered a fund to be established for the payment of attorney fees. The attorneys for all individual plaintiffs were required to deposit in escrow 5% of the total amount of settlement paid to each plaintiff by the defendants. The 5% was payable from the plaintiffs' attorney fees. The court indicated that after all cases were terminated the committee's fee award would be made upon consideration of all factors pertinent to the fee award. Any excess remaining after this apportionment would be disbursed to the plaintiffs' counsel who contributed to the fund.

pointment pursuant to Minn. Const. art. 6, § 2.

On August 5, 1986, in *In re Reno Air Crash v. Galaxy Airlines, Inc.,* 391 N.W.2d 77 (Minn.Ct.App.1986) *pet. for rev. denied* (Minn. Sept. 24, 1986), the Minnesota Court of Appeals affirmed the formation of the PLC and the inclusion of all plaintiffs whose cases remained pending in Hennepin County after the Order became effective. The court of appeals also approved the assessment of a percentage of the attorney fees recovered by lawyers for individual plaintiffs to create a fund for the compensation of the PLC.

On July 20, 1987, after the last consolidated case was settled, the PLC petitioned the court for an award and apportionment of attorney fees. The PLC claimed fees of 5% of the total settlements, the entire escrow fund. The specific tasks and work performed by the PLC were catalogued in its petition. Only one of the PLC attorneys submitted a detailed record of his time spent on this litigation on behalf of the committee.

On August 17, 1987 a hearing on PLC's petition was held. All of the Hennepin County litigants were represented at the hearing including appellants. All counsel were given full opportunity to present their arguments in response to the petition. The non-PLC attorneys opposed the petition challenging the amount of work done by the PLC, the necessity of all the work, and the benefit to plaintiffs. They also argued a percentage award was inappropriate.

On September 9, 1987 the trial court awarded the PLC 4% of the total settlements and refunded the remainder of the escrow funds plus the accrued interest to the contributing attorneys.

## ISSUES

Was the trial court's failure to hold an evidentiary hearing on fee computation an abuse of discretion?

a.  Is a percentage award appropriate?

b.  Was there an adequate basis for the award?

## ANALYSIS

Appellants assert the trial court did not consider factors deemed important in awarding attorney fees. Appellants argue an evidentiary hearing to establish a detailed record of the fees was necessary when appellants contested the reasonableness of PLC's fees.

■  The trial court was within its discretion when it determined to allocate a percentage of the fees recovered by the individual claimants' attorneys to the PLC. This compensation procedure is not new to air disaster litigation. Respondents supplied this court with several examples where courts awarded percentage fees to liability committees in similar cases. *See* Rheingold, *The Development of Litigation Committees,* 6 Am.J. Trial Advocacy 1, 10 (1982). The validity of percentage fees has been recognized by this court in its prior opinion in this litigation, *In re Reno Air Crashes,* 391 N.W.2d at 79.

In addition, a percentage fee is traditionally used to compensate counsel for services rendered in personal injury actions. It was the method by which the fees of the claimants' individual attorneys were determined. Appellants are not harmed by this award. The PLC's compensation is payable from attorney fees. Appellants have already contracted for their attorney fees. This amount will not be enlarged because of this award. Although not addressed by either appellants or respondents, this court recognizes appellants' attorneys are the real parties in interest in this case.

■  The trial court also had a reasonable basis for its award of fees to the PLC. The trial court's award of attorney fees may be based "either upon its observation of the services performed or proof of their value." *Aesoph v. Golden,* 367 N.W.2d 639, 642 (Minn.Ct.App.1985) (quoting *Ryan v. Bigos Properties,* 351 N.W.2d 680, 681 (Minn.Ct.App.1984)). The trial court supervised the extensive litigation that arose from the Galaxy Airlines disaster. These were not ordinary cases, but were complicated by the number of claimants and the factual and legal issues involved.

The trial court closely observed the services performed by the PLC, and found

that in rendering those services, the PLC "demonstrated an exceptional quality of representation and they deserve full compensation for their efforts." The trial court stated:

The activities of the Committee were all closely supervised and observed by the Court. Discovery was supervised and observed by the Court through various motions to compel brought before this Court. The PLC participated on behalf of all plaintiffs in an action brought by the Minneapolis Star and Tribune in an attempt to make public sealed court documents, which was appealed to the Court of Appeals and finally to the Minnesota Supreme Court. Probably most importantly, the PLC members conducted detailed and extensive investigation into Galaxy Airlines and its predecessor corporations regarding its history of air safety violations and interviewed several potential witnesses. This Court reviewed extensive time records submitted by PLC Attorney David Fitzgerald which detailed the work performed and the time expended. These activities were valuable not only for trial preparation, but also for settlement negotiation which ultimately resulted in settlement of all Hennepin County cases.

The trial court reviewed all of the evidence presented to it and concluded a fair fee for the PLC was 4% of the settlements. None of the appellants offered any evidence for the trial court to consider that would justify a different fee than that requested by the committee.

■ The percentage award to the PLC as attorney fees was a reasonable approach in this complicated, multiparty litigation. The trial court was well within its discretion in managing the case and in determining the fees in this way. *See In re Air Crash Disaster at Florida Everglades,* 549 F.2d 1006, 1012 (5th Cir.1977). The resulting fees are not excessive. In addition, appellants had ample opportunity to litigate the issue of the amount of the award in the trial court. The PLC's petition for fees was served with approximately four weeks' notice to all parties. Three days before the hearing certain of plaintiff's counsel filed a brief in opposition to the petition and an affidavit. At no time before the hearing did any of these attorneys request that an evidentiary hearing be held.

### DECISION

The trial court did not abuse its discretion in awarding a percentage of the settlements as fees to the Plaintiffs' Liability Committee.