*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0608**

Nicole M. Spargur,
Appellant,

vs.

Freeborn County,
Respondent.

**Filed October 20, 2014
Affirmed
Bjorkman, Judge**

Freeborn County District Court
File No. 24-CV-12-1832

Donaldson V. Lawhead, Austin, Minnesota (for appellant)

Joseph J. Langel, Christian R. Shafer, Ratwik, Roszak & Maloney, P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Smith, Presiding Judge; Larkin, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Appellant challenges summary judgment in favor of respondent county on the basis of vicarious official immunity. Appellant argues that immunity does not apply

because the signage policy at issue does not reflect any real exercise of discretion. We affirm.

## FACTS

On September 27, 2006, a road maintenance crew for respondent Freeborn County closed a portion of County State Aid Highway (CSAH) 36 to traffic for a one-day maintenance project, placing a single barricade in the middle of the road at either end of the closure with a "Road Closed" sign. When appellant Nicole Spargur approached the road closure early that afternoon, a truck and sudden rain obstructed her view, so she did not see the "Road Closed" sign in time to stop safely.[1] She swerved to avoid the barricade and lost control of her vehicle, which went off the road and rolled over into the ditch.

Spargur subsequently initiated this action, alleging that the county was negligent by failing to erect and maintain adequate signage—specifically, an advance-warning sign—about the road closure. The county moved for summary judgment on grounds of statutory immunity, common-law vicarious official immunity, and lack of proximate cause. The district court rejected the county's arguments as to statutory immunity and proximate cause but concluded that the county is entitled to vicarious official immunity because Spargur's suit essentially challenges the county's signage policy, which reflects a discretionary action. The district court granted summary judgment, dismissing Spargur's claims, and Spargur appeals.

---

[1] For purposes of this appeal from summary judgment, we accept Spargur's factual allegations regarding the circumstances of the accident.

2

**D E C I S I O N**

On appeal from summary judgment, we must determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990). We review the evidence de novo, in a light most favorable to the nonmoving party. *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 364 (Minn. 2009).

Whether immunity applies is a legal question, which we review de novo. *Gleason v. Metro. Council Transit Operations*, 582 N.W.2d 216, 219 (Minn. 1998). The party asserting immunity has the burden of demonstrating entitlement to that defense. *Rehn v. Fischley*, 557 N.W.2d 328, 333 (Minn. 1997).

Vicarious official immunity protects a municipality from suit based on the official immunity of its employee. *Wiederholt v. City of Minneapolis*, 581 N.W.2d 312, 316 (Minn. 1998). "Official immunity protects a public official charged by law with duties that call for the exercise of judgment or discretion unless the official is guilty of a wilful or malicious wrong." *Gleason*, 582 N.W.2d at 220 (quotation omitted). Because official immunity is intended to protect public officials "from the fear of personal liability that might deter independent action and impair effective performance of their duties," it generally does not protect officials "when they are charged with the execution of ministerial, rather than discretionary, functions, that is, where independent action is neither required nor desired." *Anderson v. Anoka Hennepin Indep. Sch. Dist. 11*, 678 N.W.2d 651, 655 (Minn. 2004) (quotation omitted). But we look to "the precise governmental conduct at issue" in determining whether there is immunity. *Gleason*, 582

3

N.W.2d at 219 (quotation omitted). When a lawsuit challenges an official's ministerial compliance with an established policy, it is the policy itself that is at issue. *Anderson*, 678 N.W.2d at 660. In such a circumstance, the question is "whether the adoption of the protocol was discretionary." *Id.* at 661.

It is undisputed that the crew that closed CSAH 36 on the day of Spargur's accident followed the county's signage policy for short-term road closures: When maintenance required closure of a low-volume roadway for less than one day, the maintenance crew was required to place a "Road Closed" sign in the middle of the road at the nearest intersection point on each end of where the work was to take place but was not required to place advance-warning signs.

The precise governmental conduct at issue here is the adoption of that policy. County engineer Susan Miller, who joined the highway department in October 1998, explained that the policy "had been our practice and . . . had worked extremely well for many, many years prior to me coming to this department and since I have been in this department." She also testified that it was her "engineering judgment and the engineering judgment of the previous engineer . . . that the road closed sign, as we had done for years for these very short-term closures, was reasonable and appropriate for the work force that we had and the amount of time and duration that we would be on those roads for those type of projects."

Spargur emphasizes these references to the policy's long tenure, arguing that the policy was not the result of meaningful judgment or analysis because Miller simply followed the practice of the former county engineer. Spargur contends this adherence to

4

a prior practice amounts to a failure to exercise discretion and precludes immunity, as in *Larson v. Indep. Sch. Dist. No. 314*, 289 N.W.2d 112 (Minn. 1979), and *S.W. v. Spring Lake Park Sch. Dist. No. 16*, 580 N.W.2d 19 (Minn. 1998). We are not persuaded.

Neither *Larson* nor *S.W.* involved the type of common-law official-immunity analysis at issue here. *See Anderson*, 678 N.W.2d at 657 (stating that *Larson* "mistakenly relied on statutory immunity standards in an official immunity analysis"); *S.W.*, 580 N.W.2d at 22-24 (rejecting claim of statutory immunity because school district did not adopt a safety policy but remanding for separate analysis of common-law official immunity). Official immunity is broader than the statutory immunity addressed in both of those cases, protecting "discretion exercised at the operational level rather than at the policy-making level." *S.W.*, 580 N.W.2d at 23. And undisputed evidence amply indicates that Miller exercised operational discretion in evaluating and continuing the signage policy.

Miller testified that she exercises engineering judgment in determining the type of signage to be used for a given traffic-control measure. She identified multiple factors that influence that judgment, including the extent of the traffic disruption (full road closure versus limited through traffic), the duration the traffic-control measure is in place, the level of traffic on the affected roadway, and the available departmental resources. Based on these considerations, Miller concluded that a single barricade sign at the nearest intersection is sufficient warning for a short-term closure of a low-volume road because "a reasonable person" can be expected to monitor cross traffic and weather conditions, observe the sign as he or she approaches, and adjust speed and course accordingly.

Spargur argues that this conclusion cannot reflect discretionary judgment or engineering analysis because it is contrary to the Minnesota Manual of Uniform Traffic Control Devices. We disagree. First, the manual is a guide, not a mandate. It does not preclude an official from exercising independent judgment and discretion. *Ireland v. Crow's Nest Yachts, Inc.*, 552 N.W.2d 269, 274 (Minn. App. 1996) (noting "the manual's express deference to the judgment of engineers in installing traffic control devices"), *review denied* (Minn. Sept. 20, 1996). Second, Spargur's argument implicates the fundamental rationale for official immunity—to promote independent action and effective performance of public officials by protecting them from liability. Even if the manual in effect in 2006 called for advance-warning signs for all road closures, Miller was entitled to and did exercise her discretion to continue the long-standing policy of foregoing such signs in favor of other traffic-control measures for very short-term closures of low-volume roadways. *See id.* (holding county entitled to vicarious immunity for engineer's signage decision contrary to the manual).

In sum, the record establishes that the challenged signage policy was based on Miller's operational discretion as county engineer. Accordingly, we conclude the district court did not err by determining that the county is entitled to vicarious official immunity and granting the county summary judgment.[2]

**Affirmed.**

---

[2] The county urges the alternative argument that summary judgment is justified because there is no evidence as to proximate cause. Because we affirm based on immunity, we decline to address this argument.